[Civ. No. 2273. First Appellate District.—October 24, 1917.]

W. S. OVERTON, Appellant, v. WM. S. NOYES et al., Directors, etc., and PRESIDIO MINING COMPANY (a Corporation), Respondents.

MINING CORPORATIONS—POSTING MONTHLY BALANCE SHEET—CORPORATION CONDUCTING MINING OPERATIONS OUTSIDE THE STATE.—Section 588 of the Civil Code, requiring directors to post monthly balance sheets, applies to a mining corporation operating mines outside the state but having its principal place of business within the state.

ID.—ACTION BY STOCKHOLDER — DAMAGES RECOVERABLE.—In an action under section 599 of the Civil Code by a stockholder against directors of a mining corporation for failure to post monthly balance sheets as required by section 588 of the Civil Code, the damages recoverable may include the expense of an investigation to obtain the information which ought to have been posted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wm. F. Rose, and Bruce Glidden, for Appellant.

Harding & Monroe, for Respondents.

THE COURT.—Plaintiff, a stockholder in a mining corporation having its principal place of business in California but the mining property of which was situated in the state of Texas, brought this action against the directors of the company for the purpose of recovering from them the sum of two thousand dollars, damages alleged to have been sustained by him by reason of the failure of said defendants to have posted in the office of said company on the second Monday in each month during a certain period an itemized account or balance sheet, verified under oath by the president and secretary of the corporation, and for their removal from office.

Defendants demurred to the complaint for lack of facts, and also moved to strike out certain portions thereof. Said

motion was in part granted and the demurrer sustained without leave to amend; whereupon judgment was entered for the defendants for their costs, and plaintiff appeals.

In support of the judgment it is argued that the demurrer was properly sustained, for the reason that section 588 of the Civil Code, wherein are incorporated the requirements for noncompliance with which the defendants are made the subject of complaint, has no application to a mining corporation whose mining properties are situated outside of the state of California; that such a corporation cannot correctly be said, in the words of the statute, to be "mining, or conducting mining in California." We are of the opinion, however, that this construction is too narrow, and out of harmony with the evident object of the legislation and also with its history. We think that a consideration both of the object of the act, namely, the better protection of stockholders in mining corporations, and the grammatical construction of the provisions, leads to the conclusion that a corporation conducting its business as the one here is included within the scope of the section. The classification is "every corporation formed for the purpose of mining, or conducting mining in California." Where the principal place of business of a mining corporation is situated in California, although the mine may be operated without the boundaries of the state, it may truly be said to be conducting mining in California. We think, therefore, that the court erred in sustaining defendants' demurrer to the complaint upon this ground.

Error is also assigned by the plaintiff as to the court's action in striking out certain parts of the complaint, consisting of allegations concerning certain expenditures incurred by the plaintiff and claimed to have been made necessary through the failure of the defendants to cause to be posted in the office of the company the accounts and exhibits referred to, and thus constituting damages arising from said failure.

The statute (Civ. Code, sec. 590) allows a stockholder of a mining corporation to recover from its directors the damages actually sustained by him through their omission to discharge the duty under consideration. While some of the allegations stricken out by the court have reference to expenditures made by plaintiff apparently not directly referable to the omission of the duty in question, others of them seem to us to come

clearly within this description. Thus the expenses of the investigation made by plaintiff to obtain the identical information which ought to have been posted monthly in the company's office, and those not speculative in character and reasonably incidental to his absence from home and from his business, if such absence was reasonably necessary to enable him to properly conduct his investigation, may, we think, be properly so classified. We are of the opinion, therefore, that the trial court erred in striking from the complaint that part of paragraph IX thereof commencing with the words "that by reason of his failure to obtain said information which would have appeared had said verified itemized account or balance sheet been posted" down to the end of said paragraph.

For the reasons given the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.